```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| JESSICA DUSENBERRY | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
|   v. | ) CIVIL ACTION |
|  | ) NO. 23-10457-WGY |
| COMMONWEALTH OF MASSACHUSETTS, | ) |
| BRISTOL COUNTY DISTRICT | ) |
| ATTORNEY'S OFFICE; | ) |
| THOMAS M. QUINN, III, | ) |
| KYLE MCPHERSON, | ) |
| JENNIFER ST. LAURENT SOWA, | ) |
| PATRICK BOMBERG, | ) |
| KAREN O'SULLIVAN, | ) |
| STEPHEN NADEAU, JR., | ) |
| CHRISTINE LETSCHE, | ) |
| WILLIAM MCCAULEY, | ) |
| AND CYMONE MARTIN | ) |
|     Defendants. | ) |

YOUNG, D.J.                                             June 6, 2023

**ORDER**

All defendants filed a motion to dismiss, Def.'s Mot Dismiss, ECF No. 6, and the parties have fully briefed the issue, Pl.'s Opp'n ("Pl.'s Opp'n"), ECF No. 10, Def.'s Mem. Supp., ECF No. 7, Def.'s Reply, ECF No. 13.  This Court held oral argument on May 17, 2023 and took Dusenberry's First Amendment claims 6, 7, and 11 involving individual defendants Thomas M. Quinn, III, Kyle McPherson, Jennifer St. Laurent Sowa, Patrick Bomberg, Karen O'Sullivan, Christine Letsche, and William McCauley ("Individual Defendants") under advisement.

[1]

Due to inadequate pleading, the other remaining counts were dismissed from the bench.

This Court **DENIES** the motion to dismiss as to claims 6, 7, and 11 because it would be premature to weigh mere allegations to determine whether a First Amendment right was clearly established for the purposes of qualified immunity. See Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois, 391 U.S. 563, (1968).

> A claim for qualified immunity requires assessing:
>
> (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was **clearly established** at the time of the defendant's alleged violation. The second prong, in turn, has two parts: (a) whether the legal contours of the right in question were sufficiently clear that a reasonable official would have understood that what he was doing violated that right, and (b) whether the particular factual violation in question would have been clear to a reasonable official.

Diaz-Bigio v. Santini, 652 F.3d 45, 50 (2011). (emphasis added)(internal citations omitted). Whether a public employee's speech is entitled to First Amendment protections and thus, "clearly established" for the function of qualified immunity requires this Court to engage in a Pickering analysis that is inappropriate at the 12(b)(6) stage. See generally Connick v.

Myers, 461 U.S. 138 (1983).  This Court's decision rests on its inability to perform the Pickering balancing because it requires a fact specific balancing test that is not appropriate at this stage where mere **allegations** are taken as true.

> "[A] Rule 12(b)(6) motion is generally not the proper vehicle to perform the balancing required under Pickering v. Board of Educ., 391 U.S. 563 (1968), and Garcetti v. Ceballos, 547 U.S. 410 (2006). See Decotiis v. Whittemore, 635 F.3d 22, 35 n.15 (1st Cir. 2011) ('noting that 'the Pickering balancing test' is 'fact-intensive' and 'does not easily lend itself to dismissal on a Rule 12(b)(6) motion' (citing Jordan v. Carter, 428 F.3d 67, 73 (1st Cir. 2005))); Lyons v. Vaught, 781 F.3d 958, 961 n.1 (8th Cir. 2015) (concluding that the second prong of the Pickering test 'can rarely, if ever, be determined on a Rule 12(b)(6) to dismiss the public employee's complaint'); Burnside v. Kaelin, 773 F.3d 624, 628 (5th Cir. 2014) ('In stating a prima facie case at the motion-to-dismiss stage of a case, there is a rebuttable presumption that no balancing is required to state a claim.')."

Hayes v. IXP Corp., No. CV 19-12042-WGY, 2020 WL 30424, at *1 (D. Mass. Jan. 2, 2020).  At this stage in the litigation, qualified immunity does not shield the individual defendants from suit because the Court cannot determine whether there was violation of a clearly established First Amendment right.  Individual Defendants' motion to dismiss, ECF No. 6, is denied as to First Amendment claims 6, 7, and 11.

[4]

**SO ORDERED.**

```
                          /s/ William G. Young
                         WILLIAM G. YOUNG
                              JUDGE
                             of the
                         UNITED STATES[1]
```

---

[1]   This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 45 years.

[4]